STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
DAVID WASHINGTON, DEFENDANT-APPELLANT.

Argued January 10, 1972—Decided February 7, 1972.

*Mr. Daniel R. Coburn,* Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Robert N. McAllister, Jr.,* Atlantic County Prosecutor, argued the cause for respondent (*Mr. Ernest M. Curtis,* Assistant Prosecutor, of counsel and on the brief).

PER CURIAM. Defendant was convicted of murder in the first degree and was sentenced to life imprisonment pursuant to the jury's recommendation. His conviction was affirmed by the Appellate Division. We granted certification. 58 *N. J.* 162 (1971).

The evidence amply supported a finding that defendant intended to kill the deceased. The evidence, however, was thin with respect to whether the killing was pursuant to a design to kill and whether defendant deliberated upon that design before executing it. If either of those mental operations was not proved beyond a reasonable doubt, the homicide was murder in the second degree. The jury was obviously troubled by this issue, for it interrupted its deliberations to ask the trial court to "explain to us again what constitutes premeditated murder." We think the trial court erred in its response to that request.

In *State v. DiPaolo,* 34 *N. J.* 279, 294–295 (1961), *cert.* denied, 368 *U. S.* 880, 82 S. Ct. 130, 7 *L. Ed. 2d* 80 (1961), we said of the constituent elements of murder in the first degree:

An unlawful homicide is presumed to be murder in the second degree. The burden is then the State's to prove facts which elevate the offense to murder in the first degree. *State v. Williams,* 29 *N. J.* 27, 44 (1959). *N. J. S.* 2A:113–2 specifies what murders are in the first degree. We are here concerned with the category described as a 'willful, deliberate and premeditated killing.' The statutory language

is actually an inverse statement of the natural sequence of the required mental operations. *State v. Mangano*, 77 *N. J. L.* 544, 546 (*E. & A.* 1909). As settled by judicial construction, the first element is premeditation, which consists of the conception of the design or plan to kill. Next comes deliberation. The statutory word 'deliberate' does not here mean 'willful' or 'intentional' as the word is frequently used in daily parlance. Rather it imports 'deliberation' and requires a reconsideration of the design to kill, a weighing of the pros and cons with respect to it. Finally, the word 'willful' signifies an intentional execution of the plan to kill which had been conceived and deliberated upon. *State v. Ernst*, 32 *N. J.* 567, 579 (1960) ; *State v. Mangano, supra* (77 *N. J. L.* at *p.* 547).

We agree with the Appellate Division that the trial court's original charge to the jury fairly conveyed the foregoing essentials even though the articulation could have been clearer. We are troubled, however, with one part of the charge which, standing alone, could mislead, and which part constituted the entire re-instruction given in response to the jury's request for clarification. That re-instruction read:

While each of these elements, that is, willfulness, premeditation and deliberation, are separate and distinct functions or operations of the mind, it is not necessary that the deliberation and premeditation should continue for a day or an hour or any particular length of time. Seconds may be sufficient, if you so find. *It is sufficient if the design and determination to kill are distinctly formed in the mind of the defendant at any time prior to the actual killing.*

The sentence we have italicized was wrong, for in its reference to a time aspect, it excluded the element of deliberation as defined in *DiPaolo*. The italicized sentence harks back to some early cases in its tendency to telescope the required mental operations and to eliminate the significant element of deliberation in that process. See cases quoted in *State v. Close*, 106 *N. J. L.* 321, 332 (1930). We restated the proposition in *State v. Van Duyne*, 43 *N. J.* 369, 378–379 (1964), so as to emphasize that although no particular period of time was prescribed by the law, it was nonetheless necessary to find that the required mental operation did in fact take place.

The proposed model charge correctly reads:[1]

The law does not require that any particular length of time shall intervene between the formation of the design to kill and its ultimate execution. It requires that the design to kill be conceived, that it be deliberated upon, and be willfully executed. If these mental operations did in fact occur, the period of time involved is of no significance; the killing is murder in the first degree.

The issue of deliberation was plainly critical on the evidence in this case. In that light, the abbreviated instruction to the jury in response to its request had a clear capacity to mislead. We must therefore find there was plain error with respect to the degree of the homicide.

The State's position at the oral argument was that if we found error in this respect, it preferred not to seek a conviction in the first degree by a retrial. There being no other error, the just course is to reduce the conviction to murder in the second degree. It is so adjudged and the matter is remanded to the trial court for resentence in accordance herewith.

*For remand and modification*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*Opposed*—None.

---

[1] In a letter to trial judges dated April 18, 1961 the Chief Justice referred to this difficulty in earlier charges. Pointing out that "the emphasis is upon the speed with which a human mind is capable of acting whereas the ultimate inquiry is whether the defendant on trial did *in fact* perform the required mental operations," the letter suggested suitable language which now appears in the proposed model charge quoted in the text of this opinion.